IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-419-H

| PAUL A. MITCHELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| | ) | **MEMORANDUM &** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| BOARD OF TRUSTEES, WAYNE COMMUNITY COLLEGE, | ) | |
| Defendant. | ) | |

This pro se case is before the court on the application [DE #1] of Paul A. Mitchell to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons set forth below, Mitchell's application to proceed in forma pauperis is allowed, and it is recommended that Mitchell's notice of removal be stricken and the matter remanded to state court.

### IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Mitchell's affidavit, the court finds that he has

demonstrated appropriate evidence of inability to pay the required court costs. Thus, Mitchell's application to proceed *in forma pauperis* is allowed.

## DISCUSSION

Paul A. Mitchell filed a notice of removal on July 24, 2014, indicating he wishes to remove civil proceedings he brought against the Board of Trustees of Wayne County Community College. (Notice of Removal at 1-2 [DE #1-1]; Attachment 3 at 1 [DE 1-4].) In the caption of the documents filed in this action, Mitchell has listed himself as the defendant. However, Mitchell's statements, as well as documents filed in the underlying state-court action, show that Mitchell is actually the plaintiff of the state-court proceedings. Mitchell has attached a motion filed in the Superior Court of Wayne County titled "Petition for Writ of Certiorari," which contains a caption listing Mitchell as the defendant and the Board of Trustees as the plaintiff. However, the court takes judicial notice of the fact that the original Petition for Writ of Certiorari filed with the Wayne County Clerk's Office lists Mitchell as the plaintiff and the Board of Trustees as the defendant. Because Mitchell is the plaintiff in the underlying state-court action, his designation as a defendant to this action is a misnomer. Accordingly, the court ORDERS, *sua sponte*, that the pleadings be amended to reflect the true interests of the parties involved. For the reasons set forth below, the undersigned further recommends that Mitchell's notice of removal be stricken and this action be remanded to the Superior Court of Wayne County.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division

2

embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The right to remove a case derives solely from § 1441, and the burden of demonstrating that removal is proper falls upon the party seeking removal. *Id.*

Mitchell has failed to meet this burden. As plaintiff in the underlying state action, Mitchell is not authorized to remove that action to federal court. This court is, therefore, without jurisdiction over the matter, and Mitchell's notice of removal and motion to consolidate should be stricken and the matter remanded to state court.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. Mitchell's application to proceed *in forma pauperis* is ALLOWED;

2. The pleadings in this case are AMENDED to reflect Paul A. Mitchell as plaintiff and the Board of Trustees, Wayne Community College as defendant; and

3. The Clerk of Court is DIRECTED to amend the caption of this case accordingly.

It is further RECOMMENDED that Mitchell's notice of removal and motion to consolidate be STRICKEN and the matter REMANDED to the North Carolina General Court of Justice, Wayne County Superior Court Division.

It is DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Mitchell. Mitchell is hereby advised as follows:

You shall have until April 11, 2016, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 23rd day of March 2016.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge